### ARCH WASHINGTON V. THE STATE.

No. 10614.　Delivered February 9, 1927.

**Sale of Intoxicating Liquors—New Trial—Properly Refused.**

Where appellant requested a new trial based upon the absence of a witness on account of whose absence a continuance had been refused, and the state contests the motion, presenting the affidavit of said absent witness categorically denying everything that appellant claimed could be proven by such witness, the court properly refused a new trial. See Shaw v. State, 32 Tex. Crim. Rep. 155, and other cases cited.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The state's evidence is direct and definite to the point that the appellant sold whiskey to the purchaser named in the indictment.

In a single bill of exceptions complaint is made of the refusal to grant a motion to continue in order to secure the testimony of the witness Oliver. There is attached to the bill an explanation by the trial judge to the effect that upon the hearing of the motion for new trial there was presented the affidavit of the witness Oliver stating that he did not know of the alleged facts set out in the motion, and that if present, he would not have testified to the same. An examination of the motion for new trial reveals the fact that the affidavit was attached to the state's contest of the motion, and in the affidavit the witness categorically denied the truth of the averments in the motion for a continuance to the effect that he would give certain testimony. It is specifically declared in the affidavit that he did not know of the facts imputed to him in the motion, and that he was not present at the time and place claimed in the motion for a continuance. Under these circumstances, it was within the discretion of the trial judge to overrule the motion for new trial. See Shaw v. State, 32 Tex. Crim. Rep. 155; Watkins v. State, 35 Tex. Crim. Rep. 529; Rinman v. State, 59 Tex. Crim. Rep. 31; and numerous other cases collated in Branch's Ann. Tex. P. C., Sec. 337.

The judgment is affirmed.

*Affirmed.*